## Citizens' Gas Company *v.* Whitney et al., Appellant.

*Ejectment—Notice of previous unrecorded conveyance—Appeals—Technical error induced by appellant—Ground for reversal.*

1. In an action of ejectment the case is for the jury and a verdict for the plaintiff will be sustained where there is evidence to warrant a finding that the two defendants had notice of an outstanding unrecorded conveyance of the premises to the plaintiff at the time of their respective purchases.

2. In such a case, after there has been a just and fair trial upon the merits, a reversal is not made necessary by the fact that the court, induced by counsel for one of the defendants against objection of the plaintiff, erroneously ruled that the testimony of the other defendant, called by the plaintiff, as under cross-examination, should in no wise affect the other defendant, where the latter's counsel, without relying on the ruling, treated the witness as competent for all purposes, and in cross-examination elicited an answer upon a material point, which it made part of its case.

3. As a general rule a party who has induced the court to commit an error, against which the other side has protested, is thereby precluded from availing himself of it in any court of review.

*Practice, C. P.—Separate trials—Discretion of court—Ejectment—Joint defense.*

4. The granting of a severance in an action of ejectment rests on the discretion of the trial judge and his ruling will not be reversed unless there has been abuse in the exercise of that discretion.

5. A severance in an action of ejectment is properly refused where one of the defendants is the lessor of the other, and the return to the writ shows both to be in possession of the premises; and they file a joint appearance and a joint answer setting up the privity of the title, and prepare all their pleadings with a view to making a joint defense, there being no reason why they should not so do.

Argued May 1, 1911.   Appeal, No. 200, Jan. T., 1910, by defendants, from judgment of C. P. McKean Co., June T., 1907, No. 63, on verdict for plaintiff in case of Citizens' Gas Company of Port Allegheny v. B. L. Whitney and Bradford Gas Company.   Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Ejectment for land in Annin township.    Before Bou-
ton, P. J.

The facts are stated by the lower court in its charge to
be as follows:

This is an action of ejectment brought by the Citizens'
Gas Company of Port Allegheny, a corporation, against
B. L. Whitney, and the Bradford Gas Company, also a
corporation, to recover possession of an oil and gas right
in forty-two acres of land.

It appears in this case that the title to this tract of land
was in Joseph N. Sherwood in April, 1901; that Joseph N.
Sherwood made a deed to the Citizens' Gas Company
dated March 23, 1904.    This deed to the Citizens' Gas
Company was not recorded until March 22, 1906, when
they placed it upon record in the recorder's office of this
county.    It further appears that after the making of the
deed to the Citizens' Gas Company and before the record-
ing of that deed, namely, on January 30, 1906, Joseph N.
Sherwood made a deed for the same property to B. L.
Whitney, one of the defendants in this case, who imme-
diately placed his deed on record, the deed having been
made January 30, 1906, and placed upon the record
February 1, 1906; following that, on February 6, 1907,
which you will observe was over a year after Mr. Whit-
ney got his deed, Mr. Whitney made a lease to the Brad-
ford Gas Company for the purpose of operating for oil
and gas on this same tract of land.

Plaintiff presented this point:

1. If the jury believed from the evidence of Whitney
which is uncontradicted that the Bradford Gas Company
had notice from him of the sale to the Citizens' Gas Com-
pany of the oil and gas rights in and to the land in con-
troversy before taking its lease from Whitney, and if the
jury find from the evidence that the defendant Whitney
had notice from Sherwood or any other person interested
in the premises of the said sale from Sherwood to the Citi-
zens' Gas Company at any time before the final comple-
tion of his purchase from Sherwood and delivery of the

deed to him, the verdict must be for the plaintiff. *Answer:* We affirm this point. [2]

Defendant presented these points:

2. Under all the evidence in the case, the verdict should be for the defendant. *Answer:* We refuse this point. [3]

9. That, it appearing that the defendant Bradford Gas Company was not in possession of any oil or gas on, in or under said land at the time of the service of the writ of ejectment upon it in this case, there can be no recovery against the Bradford Gas Company. *Answer:* This point is refused. [4]

10. That under all evidence in this case, the plaintiff cannot recover against the Bradford Gas Company. *Answer:* This point is also refused. [5]

The court charged in part as follows:

[The evidence as to the notice to the Bradford Gas Company is the evidence of Mr. Whitney; you heard that evidence read; he tells you he did inform the representative of the Bradford Gas Company that Mr. Sherwood had sold the oil and gas, or that the Citizens' Gas Company has a deed for the oil and gas. That evidence is uncontradicted. If you find Mr. Whitney is telling the truth, he is uncontradicted in the case; then you would be justified in finding that the Bradford Gas Company had notice of this conveyance and if you so find, then they could not recover. Mr. Whitney goes so far as to say as we remember his testimony that he told Mr. Shaw or the representative, whoever it was, of the Bradford Gas Company, that the Citizens' Gas Company's deed was on the record. Now, if that is so, then that was actual notice to the Bradford Gas Company that the Citizens' Gas Company had a prior deed and they would get no title.] [6]

Verdict for plaintiff and judgment thereon. Defendant appealed.

*Errors assigned* were (1) in refusing the petition of the Bradford Gas Company for a separate trial; (2–5) answers to points as above; and (6) portion of charge, quoting it.

*John G. Johnson,* with him *W. E. Burdick* and *F. P. Schoonmaker* for appellant.—The plaintiff's deed was not recorded until after the expiration of three months from delivery.

The plaintiff's deed was therefore fraudulent and void under the provisions of the Act of May 19, 1893, P. L. 108: Poth v. Anstatt, 4 W. & S. 307; Hetherington v. Clark, 30 Pa. 393; Souder v. Morrow, 33 Pa. 83; Shaw v. Read, 47 Pa. 96; Fries v. Null, 154 Pa. 573; Duff v. Patterson, 159 Pa. 312.

If a witness willfully and corruptly swears falsely to any material fact in a case the jury is at liberty to disregard the whole of his testimony: Com. v. Ieradi, 216 Pa. 87.

When once a man has granted away his right, anything which he can do or say should not be received to affect another claiming under him: Hooker v. Pierce, 2 Hill (N. Y.), 650; Churcher v. Guernsey, 39 Pa. 84; Bugbee's App., 110 Pa. 331.

Clearly Whitney had no constructive notice and the recording of his deed inures in the nature of things to the benefit of all those who claim under him: Maul v. Rider, 59 Pa. 167; Davis v. Monroe, 187 Pa. 212; M'Lenahan v. Reeside, 9 Watts, 508; Friedley v. Hamilton, 17 S. & R. 70; Wilson v. Gilmore, 2 Lack. Jur. 13.

*J. E. Mullin* with him *D. H. Jack* and *Sheridan Gorton,* for appellee.—The refusal of severance was in the discretion of the court. The Bradford Gas Company had actual notice of the appellee's deed. The Bradford Gas Company having induced the court to commit that error, cannot now take advantage of it: Salt Lake City v. Smith, 104 Fed. Repr. 457.

It would give a party an unjust advantage to let him pick out particular parts of a witness' testimony and reject the rest: Floyd v. Bovard, 6 W. & S. 75; Seip v. Storch, 52 Pa. 210; Shadle's Est. (No. 1), 30 Pa. Superior Ct. 151; Hambleton's Est., 166 Pa. 500; Clad's Est., 214 Pa. 141.

When the Bradford Gas Company was notified by Whit-

ney of the existence and recording of the deed to the appellee it was its duty to inquire of the appellee regarding said deed: Ohio River Junction R. R. Co. v. Pennsylvania Co., 222 Pa. 573; Bartley v. Phillips, 179 Pa. 175.

OPINION BY MR. JUSTICE ELKIN, July 6, 1911:

This is an action of ejectment to determine the title and recover the possession of the oil and gas in and under certain lands described in the writ. The plaintiff never took actual possession of the land under its deed for the purpose of operating for oil and gas, but this is not a bar to its right to recover possession, as was decided in Barnsdall v. Bradford Gas Co., 225 Pa. 338. The suit having been properly brought, the only question for our determination is whether error was committed at the trial. The first assignment relates to the refusal of the trial judge to grant a severance upon the petition of the Bradford Gas Company. The general rule is that the granting of a severance in civil suits of this character rests in the discretion of the trial judge, and his ruling will not be reversed unless there has been abuse in the exercise of that discretion. We fail to find any such abuse of discretion in the present case as to warrant a reversal on this ground. The defendants filed a joint appearance and a joint answer and prepared all their pleadings with a view to making a joint defense. Certainly under such pleadings it cannot be said that one of the defendants was entitled to a severance as a matter of right. The Bradford Gas Company was a lessee of Whitney and necessarily stood upon the title of its lessor. If Whitney had no title, his lessee acquired no right or privilege. The return to the writ showed both defendants to be in possession of the premises. The joint answer of the defendants sets up the privity of their title which they undertake to assert and defend. There is nothing unusual about this joinder of defendants in actions of ejectment. The Act of March 21, 1772, 1 Sm. Laws, 370, provides that the landlord may defend with the tenant who has been sued in ejectment, while the Act of May 8, 1901,

P. L. 142, clearly contemplates that all claimants to the premises, whether in possession or not, shall be made parties to the writ. The trend of decision and of statutory procedure in recent years, while requiring one in possession to be made a party, recognizes and approves the practice of joining all parties claiming title to or interest in the premises, and as a general rule this may be done without respect to privity of title or unity of interest. See Warvelle on Ejectment, sec. 96, and following pages. In the case at bar both defendants are in possession. They appeared jointly, answered jointly and there is no reason why they should not jointly defend. This is a case in which the plaintiff was entitled to have the whole controversy settled in one trial. The learned trial judge was clearly right in refusing to grant a severance.

The question of title involved here depends upon whether Whitney and the Bradford Gas Company had notice, actual or constructive, either or both, of the deed from Sherwood to the appellee company. This deed was executed first in point of time but was not recorded until after the deed to Whitney had been executed and recorded. If Whitney was a bona fide purchaser of the premises without notice of the unrecorded deed, he took a good title. If on the other hand he had notice of the outstanding unrecorded deed to appellee, he was bound by that notice, and took the risk of that being a valid conveyance. All of this was a question of fact to be determined by the jury under proper instructions by the court. The question was submitted to the jury and the verdict shows that they believed both Whitney and the Bradford Gas Company had notice of the conveyance to appellee at the time of their respective purchases. The evidence was sufficient to warrant such a finding. Indeed, upon a review of the whole record we do not see how any other conclusion could be reached. There is only one error called to our attention by the assignments which has any substantial merit. The evidence of Whitney shows that at the time of making the lease to the Bradford Gas Com-

pany he gave notice that the appellee company had a deed for the oil and gas in the premises and that the deed was then on record. There is no doubt as to the testimony of Whitney, and the only question is whether it could be considered as affecting the rights of the Bradford Gas Company.

The plaintiff called Whitney as if on cross-examination. The court ruled it was proper to do so but that his testimony on such cross-examination should in no wise affect the Bradford Gas Company. To that part of the ruling limiting the effect of the testimony upon the Bradford Gas Company the plaintiff excepted and a bill was sealed. The examination of the witness was then proceeded with at length. He was first examined by counsel for plaintiff, then cross-examined by counsel for the Bradford Gas Company and then re-examined on every phase of the question relating to the subject of notice. While the court had ruled that his testimony should not affect the Bradford Gas Company, counsel for this company undertook on cross-examination to elicit answers tending to show that the witness, Whitney, had not given any such notice. In other words, the parties themselves treated the witness as competent for all purposes and so conducted the examination. The court erred in its ruling limiting the effect of the testimony of this witness, but this error was induced by counsel for the Bradford Gas Company and was made over the objection of counsel for plaintiff. To make this error the ground of reversal would work a hardship on appellee company which had protested against it and would give an unfair advantage to the party inducing it. This ought not to be permitted unless imperatively required by rules of practice or of law. We think the rule announced in some of the federal courts is sound and covers this case. It was held in the United States circuit court of appeals, that: "They had not invited the error of that ruling, but had protested against it. This was all they could do. The plaintiffs had induced the court to commit an error, and were thereby prohibited from avail-

ing themselves of it in any court of review:" Salt Lake City v. Smith, 104 Fed. Repr. 457. The application of the rule depends to some extent upon the facts of each particular case and there may be cases in which it could not be applied without doing violence to established rules of law. In the present case no such barrier exists. The Bradford Gas Company did not rely on the ruling of the court limiting the effect of the testimony of this witness but undertook on cross-examination to strengthen its case by showing that Whitney had told its representative that he had no notice at the time of the purchase from Sherwood of the prior deed to plaintiff. This was the crux of the case and the point toward which the whole examination was directed. The Bradford Gas Company had the benefit of his answer and made it part of its defense. Under these circumstances we think it must be held to have waived the limitation it induced the court to make and that it made the witness competent for the general purposes of the case. The trial judge in such cases has a large measure of discretion and may permit parties to elicit material facts in order to ascertain the truth without regard to the technical consideration of who called the witness: Gantt v. Cox & Sons Co., 199 Pa. 208. This was the substantial result of what was done in the present case. The ruling complained of was practically disregarded and the witness was examined by all parties with a view of ascertaining the truth. The court approved of this course of procedure as indicated by subsequent rulings and by questions frequently asked from the bench. As we view the record there was a just and fair trial upon the merits and we see nothing to warrant a reversal upon technical grounds.

The question as to constructive notice need not be discussed because the evidence was ample to show actual notice and the verdict of the jury establishes the fact.

Judgment affirmed.