Huntzinger *v.* Wileman et ux., Appellants.

Argued November 29, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Daniel Marcu,* for appellants.

*Edwin Fischer,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1946:

This was originally an action in equity to set aside a written agreement and restore possession of real estate held by defendants under the agreement which plaintiff, the record owner, alleges was secured by defendants' fraud and duress.

Plaintiff, then a sickly woman of 70 years, became a widow five months before the execution of the agreement in question. The husband and wife had resided in the real estate. They had no children. Plaintiff desired the services of individuals to look after her and the home. She advertised for a man and wife for such purpose. Apparently her efforts proved unsuccessful. Defendants, old acquaintances, needed a house, being required to move from their former home. They called upon plaintiff and offered their services. The parties thereupon entered into an agreement, subsequently reduced to writing by a lawyer and duly executed. By this instrument the defendants agreed to board the plaintiff, and to furnish her with nursing care, and to pay for telephone, gas and electric service, and to make minor repairs to the real estate. Plaintiff agreed to give defendants possession of the real estate, to pay carry-

ing charges, and to make a will devising the real estate and contents to defendants.

The parties lived together from December 1941 until October 1942, when the plaintiff becoming dissatisfied with the agreement left the premises, which defendants continue to occupy.

Upon a hearing on the merits, Judge SMITH decreed that the agreement was "an impossible or impractical contract" which could not be enforced and declared it to be null and void. Possession of the real estate was ordered to be delivered to plaintiff.

Exceptions were filed to the chancellor's decree upon the ground (1) that equity had no jurisdiction and (2) that the action should have been brought at law, as in an action in ejectment. While it is difficult to comprehend why the setting aside of a written contract and decree of possession of the real estate is not clearly within the court's equitable jurisdiction, the court sustained the exceptions and the case was certified to the law side of the court. The plaintiff was given leave to file her declaration in ejectment, to which defendants filed an answer, issue was joined and the case was tried before a judge and jury. The jury found for plaintiff. Defendants appeal from the refusal of the court below to grant their motions for judgment n. o. v. and for a new trial.

This appeal must be dismissed as without merit. Both a chancellor and a jury have separately declared that the agreement should be set aside and possession of the property restored to plaintiff. The cause was certified at defendants' own motion to the law side of the court, even after a decree had been entered against them on the merits. They may not now complain of the alleged error of the court below in so certifying the case, where it was at defendants' own motion. A party cannot successfully complain of an error of the lower court for which he is himself responsible or to which he has contributed: *Pantall v. Pittsburgh Coal & Iron Co.*, 204

Pa. 158, 53 A. 751; *Citizens' Gas Co. v. Whitney*, 232 Pa. 592, 81 A. 804; *Reeves v. Phila. Gas Works Co.*, 107 Pa. Superior Ct. 422, 164 A. 132; 3 Am. Juris. Appeal and Error, sections 876, 877.

The court's action in granting or refusing of a new trial will not be set aside unless there is a clear abuse of discretion, which does not appear in this case: *Koch et al. v. Imhof et al.*, 315 Pa. 145, 172 A. 673; *Wilson v. Kallenbach*, 332 Pa. 253, 2 A. 2d 727; *Yago et al. v. Pipicelli*, 343 Pa. 222, 22 A. 2d 699.

The judgment of the court below is affirmed.