## Commonwealth *v.* Foerst, Appellant.

Argued April 28, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William A. Gray,* with him *Charles H. Brunner, Jr.,* and *Lester J. Schaffer,* for appellant.

*Arthur W. Bean,* Assistant District Attorney, with him *Frederick B. Smillie,* District Attorney, for appellee.

OPINION BY ROSS, J., July 17, 1947:

The appellant, Frank Foerst, was convicted by a jury on both counts in an indictment charging him with assault and battery and aggravated assault and battery

upon one Nicholas P. Rosemiller. Foerst has appealed to this court from the refusal of the lower court en banc to grant him a new trial.

Rosemiller, a truck driver, while sitting in the cab of his truck which had been stopped opposite the main entrance to the Willow Grove Naval Air Station in Montgomery County about 2:30 a.m. on May 16, 1946, was assaulted by two men and, as a result thereof, was seriously injured. About two months later, Foerst was arrested, charged with being one of the two men who had committed the assault.

At the trial of the case, Rosemiller testified that Foerst was one of the two men who had assaulted him and he was corroborated by Marguerite DeHaven, an occupant of an automobile which had been stopped at the scene of the assault. Howard DeHaven, another occupant of the automobile, testified that one of the men who had assaulted Rosemiller was of the same generel build and appearance as the defendant, although he did not see his face. In addition to denying his guilt, Foerst attempted to establish an alibi.

The DeHavens, strangers to Rosemiller and Foerst, saw the defendant only at the scene of the assault and at the trial of the case. However, both Rosemiller and Foerst testified that they had known each other well for years, had worked together and had been friends during that time. According to the testimony, visibility was good at the scene and time of the assault—"At the Naval Air Station there is flood lights all around the grounds . . . you can see well there"; the lights on the truck, the DeHaven automobile and the car in which the assailants were riding, were burning. Rosemiller testified that he recognized Foerst as the latter approached the truck and said, "Hello, Frankie, what is the matter?" and that the defendant said, "Get out of the truck. I want to see you", but before the witness could get out of the truck Foerst jumped on the running board and began to beat him.

Rosemiller's identification of Foerst as his assailant was definite and unequivocal and, in view of the visibility at the scene of the assault and the long acquaintanceship of the two men, it cannot be contended that this is a case of *mistaken* identity. We cannot *assume* that Rosemiller perjured himself and the jury having apparently believed his testimony, there is ample evidence to sustain its verdict of guilty.

The appellant alleges no trial errors but states as the only question involved in this appeal: "Was the evidence in this case sufficiently clear and convincing beyond a reasonable doubt so as to sustain a verdict of guilty and to justify the court in refusing a new trial in the light of the Affidavit filed by counsel for the appellant . . .". The affidavit of William A. Gray, Esquire, counsel for appellant, states, inter alia, as follows: "Deponent further avers that *immediately after the conviction* of the defendant . . . he was advised by the defendant that he had information as to who had actually committed the offense and having been at all times assured by the defendant of his innocence, and having a belief in the statement of the defendant to that effect, he undertook to investigate . . . the responsibility for the assault which is the subject of the indictment in the above case; that as a result of said investigation he believes and therefore avers that . . . he has ascertained that the assault and battery perpetrated upon the private prosecutor [Rosemiller] was, in fact, perpetrated by four identified members of the union, but that the defendant was not one of the four and had no part in the commission of the assault . . .", but that because of his professional relationships, deponent is "prohibited from making further disclosures with reference thereto." (Italics supplied.)

The appellant had his day in court and a fair trial. If he chose to withhold information or evidence—in his possession at the time of trial—which *might* have resulted in his acquittal, he cannot be heard to complain

after a jury has convicted him. We do not question the sincerity of counsel's belief in the innocence of his client but we are not convinced that the learned court below abused its discretion in refusing appellant's motion for a new trial and its action will not be set aside unless there is a clear abuse of discretion. *Huntzinger v. Wileman,* 353 Pa. 274, 45 A. 2d 7; *Yago et al. v. Pipicelli,* 343 Pa. 222, 22 A. 2d 699; *Jones v. Manhattan Life Ins. Co.,* 134 Pa. Superior Ct. 437; *Com. v. Dolan,* 155 Pa. Superior Ct. 453, 38 A. 2d 497.

Judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.