424

Commonwealth *v*. Wilson, Appellant.

Argued June 21, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Sheldon C. Jelin,* for appellant.

*Joseph M. Smith,* Assistant District Attorney, with him *Walter M. Phillips, Jr.,* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 15, 1967:

Appellant, John Wilson, defendant below, was tried on October 15, 1962 before Judge VICTOR H. BLANC, without a jury, on charges of assault and battery, indecent assault and rape. He was adjudged guilty of rape and sentenced to the maximum term of 7½ to 15 years in the State Correctional Institution at Philadelphia. He has served approximately 5 years.

Petition for relief under the Post Conviction Hearing Act[1] was filed by defendant alleging, inter alia, that he was not advised of his right to appeal. Leave to file motions *nunc pro tunc* for new trial and arrest of judgment was granted January 19, 1967. Motions were duly made and the arguments thereon heard by Judge THOMAS M. REED, substituting for the trial judge. On February 24, 1967 defendant's motions were denied. He now appeals.

Defendant alleges that his conviction was against the weight of the evidence and that after-discovered evidence justifies a new trial. He also questions the competency of the trial judge.

A thorough analysis of the testimony of both the prosecutrix and the defendant leads to the conclusion that while the evidence was not so uncertain as to constitute an absolute failure to establish guilt beyond a reasonable doubt, we find sufficient conflicting and confusing statements to raise a substantial doubt which we cannot resolve on the present state of the record.

In addition, at the conclusion of testimony prior to the adjudication, the defendant was peremptorily de-

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1.

nied a request to address the court. The court could have granted this request, and we can only conjecture as to the consequences had defendant been granted his request. We do not at this time, however, hold that the defendant had a right to address the court, the refusal of which constituted reversible error. We mention this merely to demonstrate further the inconclusiveness of the record.

Finally, it is common knowledge that the original trial judge has been ill for several years and, subsequent to this trial, was relieved of his duties and institutionalized. This fact, of which we may take judicial notice, casts additional shadows on an already clouded record.

In view of all the above circumstances we believe the interests of justice require a new trial. *Commonwealth v. Grant,* 121 Pa. Superior Ct. 399, 183 Atl. 663 (1936).

We need not examine the alleged after-discovered evidence, since a new trial will be granted on the above determinations.

Reversed and remanded for a new trial.

WRIGHT and JACOBS, JJ., would affirm on the opinion of Judge REED for the court below.