Commonwealth *v.* Johnson, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Philip D. Freedman,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

This is an appeal from the denial of defendant-appellant's Motions for a New Trial and In Arrest of

Judgment based on a claim of newly discovered evidence.

Appellant was convicted at a trial by jury, of four (4) counts of robbery. At the trial, evidence was presented from which the jury was clearly justified in finding that appellant had in fact committed the robbery. Defendant chose not to take the stand, but did present testimony from a cousin and from his mother. From this testimony, the jury could have inferred that appellant was at home in bed at the time of the commission of the crime.

Some weeks after the filing of his Motions, and in support of them, appellant presented as a supplemental reason, an affidavit from his brother, Donald Johnson, in which Donald stated that he, and not appellant, had committed the robbery. Pursuant to the post-trial motions the trial judge held an evidentiary hearing at which Donald testified under oath that he had committed the robbery. The lower court denied appellant's motions. The issue before this court is whether the "confession" by Donald Johnson is after-discovered evidence which should entitle appellant to a new trial.

"In order to justify the grant of a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result: Hagopian v. Eskandarian, 396 Pa. 401, 407, 408, 153 A. 2d 897 (1959) ; Commonwealth v. Clanton, 395 Pa. 521, 526, 151 A. 2d 88 (1959) ; Commonwealth v. Green, 358 Pa. 192, 199, 56 A. 2d 95 (1948)." *Commonwealth v. Schuck,* 401 Pa. 222, 229, 164 A. 2d 13, 17 (1960), cert. den., 368 U.S. 884, 7 L. Ed. 2d 188, 82 S. Ct. 138. Clearly, the last two requirements of *Schuck* are met in this case—the evidence is not cumulative, does not merely impeach credibility,

and the confession (if believed) would likely have compelled a different result (i.e., acquittal of appellant). Was the evidence actually discovered *after* the trial however, and was the evidence such that with reasonable diligence it could have been brought out at the trial?

In *Commonwealth v. Hayward*, 437 Pa. 215, 263 A. 2d 330 (1970), the testimony of defendant's mother revealed that three other people were allegedly in defendant's presence at the time of the crime in a city other than the one in which the crime was committed. None of these three witnesses were called by defendant. After the trial, counsel for the appellant presented affidavits of these three witnesses in an attempt to gain a new trial on the basis of after-discovered evidence. The Supreme Court said: "We agree with the post-trial motion court that this is not after-discovered evidence, since the identities of these witnesses were known at trial if not before." (At page 217)

In *Commonwealth v. Foerst*, 161 Pa. Superior Ct. 111, 53 A. 2d 847 (1947), this court denied appellant's motion for a new trial where, after conviction for assault and battery at a trial in which the accused had been positively identified, appellant averred that the crime had been committed by four men known to him. Appellant had failed to identify these men because of an alleged professional relationship with them, and the court therefore concluded that "The appellant had his day in court and a fair trial. If he chose to withhold information or evidence—in his possession at the time of trial—which *might* have resulted in his acquittal, he cannot be heard to complain after a jury has convicted him. . . ." (At 113-114)

In the case before this court, appellant knew of his brother's "confession" before trial and failed or refused to call to the stand a witness known to him, whose testimony might have resulted in an acquittal for appellant. Appellant's contention that the evidence—the

confession by his brother—was discovered *after* the trial, is untenable.

As to the second requirement of *Schuck,* the record indicates that appellant failed to use reasonable diligence to introduce the evidence at trial. Appellant should have called his brother as a witness at the trial. From the fact that Donald "confessed" to William, we might conclude that Donald would *not* have refused to testify if called as a witness. Even if Donald had taken the stand and claimed the privilege against self-incrimination, the jury would have had an opportunity to observe the resemblance, such as there was between Donald and William, and sufficient doubt might have been raised in the jurors' minds that they wouldn't have convicted William. Appellant had the duty to bring forth any evidence in his behalf. Not only did appellant fail to use reasonable diligence to bring forth this evidence, but his own testimony at the evidentiary hearing indicated that appellant actively sought to repress such evidence. When questioned about his reaction to his brother's pre-trial confession to him appellant testified: "I told him, don't worry about it. *I'll see what they do in court*".

In further support of our decision, we note that in the trial in chief four (4) witnesses, some of whom knew the defendant, positively identified him. In addition, we might also note that Donald Johnson testified at the evidentiary hearing that he had been wearing a beard at the time of the robbery. The testimony of the victims of the robbery was that the person who took their valuables did *not* have a beard. The judge at the hearing was certainly justified in discrediting Donald's testimony, and in denying appellant's motions; Therefore, this court will not set aside the order denying those motions. *Commonwealth v. Foerst,* 161 Pa. Superior Ct. 111 (1947).

As the trial judge stated in his opinion denying appellant's Motions for a New Trial and In Arrest of Judgment, appellant would "run with the hare and hunt with the hounds". This court will not sanction such duplicity.

The order of the court below is affirmed.

CONCURRING OPINION BY CERCONE, J.:

I find one aspect of this case to be troublesome. In the lower court's opinion there is no explicit finding that the confession of Donald, the appellant's brother, was not credible.[1] Donald refused to change his testimony despite persistent efforts by the court to assure Donald that he would get a stiffer sentence than the appellant if he were convicted of the robbery because he had put the Commonwealth through the time and expense of two needless trials and risked the appellant's conviction.

In rebuttal the Commonwealth did offer the testimony of a Mr. Pease, an investigator for the district attorney's office. The gist of Mr. Pease' testimony was that Donald totally misdescribed the inside of the bar when he first confessed to the crime at the district attorney's office. Mr. Pease also alleged that Donald was incorrect about the number of people who were in the bar when the robbery took place. Second, Donald himself only had one shoplifting and one disorderly conduct offense on his record, while the appellant had two prior convictions for armed robbery. Donald could well have determined, therefore, that he would get a proportionately lighter sentence. Combined with his natural affection for his older brother, this would help explain

---

[1] The court apparently looked only to the evidence produced at the appellant's second trial (the first having ended with a "hung jury") as justification for denying the motion. The court did not indicate, however, how the confession would affect that second result.

why Donald would be willing to falsely confess. Third, Donald's recollection of events other than the robbery and the division of its proceeds was very vague, suggesting that his memory of all the events during that period was not as vivid as they would be had he committed the robbery.

Thus, the lower court judge could well have determined that Donald's story was not sufficiently credible, in light of the identification testimony, that it could be said that a new tiral wherein the confession was produced would likely result in the appellant's acquittal. This determination is crucial I think regardless of whether the evidence was truly after-acquired, or whether the appellant was attempting to "run with the hare and hunt with the hounds." If Donald's confession was believable and its introduction at a new trial would likely compel a different result, the interests of justice would require us to grant a new trial even though the "after-acquired evidence rule" was not precisely satisfied.[2] As our Supreme Court has stated: "Law must be the servant of justice, and courts of justice will not be blind to any breach of basic rights or impotent to vindicate them."[3] The fact that the appellant encouraged his brother not to confess and concealed his guilt should not operate to estop him from demonstrating his innocence, where others would be permitted to do so. It is fundamentally unfair to permit a conviction for armed robbery to stand when the criminal conduct amounted to no more than misprision of a felony, obstruction of justice or contempt of court.

There being a sufficient basis for determining that Donald's confession was not credible and, hence, not

---

[2] See, e.g., *Commonwealth v. Bulted*, 443 Pa. 422, 431 (1971); *Hess v. Stiner*, 144 Pa. Superior Ct. 249, 250 (1941). See also *Commonwealth v. Wilson*, 210 Pa. Superior Ct. 424 (1967); *Commonwealth v. Kauffman*, 190 Pa. Superior Ct. 444 (1959).

[3] *Commonwealth v. Corrie*, 302 Pa. 431, 437 (1931).

likely to produce a different result after a new trial, I would affirm the judgment of the court below.

HOFFMAN and SPAETH, JJ., join in this concurring opinion.