399 A.2d 773

**COMMONWEALTH of Pennsylvania**

v.

**David X. WARREN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided March 16, 1979.

Petition for Allowance of Appeal Denied May 22, 1979.

276

J. Wesley Oler, Jr., Carlisle, for appellant.

George E. Hoffer, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before JACOBS, President Judge and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from an order denying a petition filed under the Post Conviction Hearing Act.[1]

On November 23, 1976, appellant was charged with possession of an instrument of escape—an ice pick—while incarcerated at Camp Hill on other charges.[2] On January 1, 1977, the lower court appointed C. Roy Weidner, Jr., to represent appellant. On February 1 appellant entered a plea of guilty before the Honorable Sylvia H. RAMBO, and was sentenced to nine to eighteen months in prison to be served after completion of the sentence he was serving at Camp Hill.

On July 12, 1977, appellant filed a *pro se* petition under the Post Conviction Hearing Act. On the same day the lower court appointed counsel to assist appellant with his petition. On August 19 appellant filed an amended *pro se* petition. On August 25 a hearing was held before Judge RAMBO. At the beginning of the hearing counsel for appellant and the district attorney stipulated that the petition should be treated as if it were a petition to withdraw the guilty plea. On October 13 Judge RAMBO filed an

1. Act of Jan. 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180 et seq. (Supp. 1977–78).

2. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, *et seq.*, eff. June 6, 1973, 18 Pa.C.S.A. § 5122.

order denying the petition; in the opinion accompanying the order the judge found that "[appellant] did in fact voluntarily, knowingly and freely enter his plea of guilty." Slip opinion at 4.[3]

Where the record shows that a proper colloquy ·was conducted before the defendant entered his guilty plea, *see* *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), the burden is on the defendant to show that the plea was not intelligent and voluntary, *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968).

Appellant alleges in his petition that his guilty plea was invalid because: he did not receive a six to twelve month

---

**3.** We might hold that appellant has waived his right to challenge this order on appeal. Normally a petition to withdraw a guilty plea must be filed in the lower court, if the validity of the plea is to be considered on appeal. *Commonwealth v. Roberts*, 237 Pa.Super. 336, 379 A.2d 319 (1977). *See Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749; Pa.R.Crim.P. 321. The fact that counsel for appellant and the district attorney stipulated that the petition should be treated as if it were a petition to withdraw does not preclude a determination that the issue has been waived. A PCHA petition alleging that a guilty plea was not intelligent and voluntary will be treated as the equivalent of a petition to withdraw, if the record shows that the filing of the petition was an attempt to comply with *Roberts*. *Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977). In *Beatty* and *Schwartz* a PCHA petition was filed within the normal appeal time and a direct appeal raising the issue of the validity of the plea was withdrawn on advice of counsel in an effort to have the lower court review the validity of the plea prior to seeking appellate review. However, in *Commonwealth v. Porter*, 256 Pa.Super. 163, 389 A.2d 651 (1978), we affirmed the dismissal of a PCHA petition filed almost four years after entry of the plea, where during this period no direct appeal or any other attempt was made to obtain review and the petition did not allege extraordinary circumstances to justify the failure to raise the issue previously. *See Commonwealth v. McKelvey*, 257 Pa.Super. 409, 390 A.2d 1302 (1978). Here appellant has made the same errors as the appellant in *Porter*. However, since the same judge who accepted appellant's guilty plea considered his PCHA petition, the purpose of the *Roberts* rule—to give the lower court the opportunity to rectify its errors before an appeal—has been satisfied. Also, a review of the record (as the discussion below indicates) reveals that appellant's claims are without merit. Therefore, it is in the interest of judicial economy to dispose of this appeal on the merits. *Cf. Commonwealth v. Lee*, 460 Pa. 324, 327, 333 A.2d

sentence as his counsel indicated he would; the plea was partly the product of fear of physical abuse by other prison inmates; and after-discovered evidence showed he had been "set-up".

At the PCHA hearing appellant offered the following testimony in support of his claims. The ice pick was planted in his cell; he was unaware of it until it was found by the guards.[4] Weidner, his trial counsel, met with him for only ten minutes before the day his case was heard. During this conference he told Weidner that he was not guilty but had been "set-up" by other prison inmates because he had agreed to testify regarding a prison fight during which three persons were stabbed, and he gave Weidner the name of one person who had information regarding this "set-up". Also, he indicated to Weidner his desire to have a concurrent sentence, and Wiedner said that a concurrent sentence of six to twelve months was possible. At the end of this conference he agreed to plead guilty. On the day he pleaded guilty Weidner talked with him for only ten minutes, and neither his plea nor the possible sentence was discussed. When he was sentenced to nine to eighteen months he was surprised and asked Weidner to explain what had happened. Weidner told him that the sentence would be corrected within thirty to ninety days. Appellant presented no other evidence.[5]

749, 750 (1975); *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975).

4. *But see* n. 7 *infra.*

5. Appellant did request leave to present testimony by other prison inmates that the threats against him were real and to introduce newly discovered exculpatory evidence. The former request was denied because the lower court found that the threats against appellant did not influence his decision to plead guilty but only "precipitated his having possession of the weapon," and also because the offered testimony would concern rumors and therefore be inadmissible hearsay. Slip Opinion at 4–5. The latter request was denied because the newly discovered evidence would only raise "the mere possibility" of compelling a different result. *See Commonwealth v. Arthur*, 257 Pa.Super. 504, 390 A.2d 1350 (1978). We find no reason to hold these rulings error. *See* n. 7, *infra.*

Weidner testified for the Commonwealth. His testimony contradicted appellant's in many respects. He testified that the conference with appellant lasted approximately one hour. He acknowledged that during the conference appellant mentioned the difficulties with other prison inmates because of his forthcoming testimony regarding the prison fight and gave him the name of one Peter Paul who might have information regarding a "set-up", but he also testified that appellant did not ask him to pursue these matters but instead was concerned that the case be handled as quickly as possible and to this end wished to plead guilty. Weidner also testified that appellant indicated that he hoped to get a concurrent sentence because of the possibility of a furlough during the upcoming Christmas season, but that he told appellant that a concurrent sentence would not be possible and that no plea bargain would be made. Finally, Weidner denied that he told appellant his sentence would be corrected, and testified that after the sentencing he only spoke with appellant regarding his right of appeal.

The Commonwealth also introduced a letter appellant wrote Weidner after their conference. Record Document 24, N.T. PCHA Hearing, Commonwealth Exhibit # 1.[6] The letter corroborated Weidner's testimony that the most important factor to appellant was expediting sentencing.[7]

6. The lower court properly overruled appellant's objection to introduction of this letter on the basis that it violated the attorney-client privilege. Where an attorney's conduct has been challenged, admission of such a communication is proper for the purpose of defense. *Doll v. Loesel*, 288 Pa. 527, 136 A.2d 796 (1927).

7. In this letter appellant admitted that he possessed the ice pick but stated that in light of the fact that the prison officials could not protect him and could not transfer him to another facility he had no other recourse but to "protect my own self" against possible physical abuse by other inmates. Evidently appellant thought that the "necessity" of self-protection might influence the sentence imposed because he went on in the letter to ask Weidner whether "explaining all of this to the judge, do you think there's a possibility of receiving a concurrent sentence so I can join my new small family this year as opposed to the four and half years I would have to complete as a result of a consecutive sentence, no matter how minute." It should be noted that appellant's asking about the likelihood of a concurrent sentence *after* his conference with Weidner is inconsistent with his

■ Judge RAMBO accepted Weidner's testimony, and concluded that appellant had not met his burden of proving that his plea was not intelligent and voluntary. *Commonwealth ex rel. West v. Rundle, supra.* In her opinion the judge stated:

> The testimony presented, the letter from [appellant] to Mr. Weidner, and the colloquy satisfy this court that [appellant] did in fact voluntarily, knowingly and freely enter his plea of guilty. The court is also satisfied that any fear which [appellant] had of his fellow inmates precipitated his having possession of the weapon involved in the charge against him rather than in precipitating his plea.

Slip opinion at 4.

Generally questions of credibility are for the trier of fact, *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A.2d 195 (1970), and absent an abuse of discretion will not be reversed on appeal. Here the lower court's determination of credibility is well supported by the record and shows no abuse of discretion.

Affirmed.

CERCONE, President Judge, concurs in result.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision in this case.

testimony at the PCHA hearing that Weidner told him *during* the conference that a six to twelve month concurrent sentence was possible.