419 A.2d 681

**COMMONWEALTH of Pennsylvania**

**v.**

**Richard T. GLOVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1980.

---

Richard E. Johnson, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Following a nonjury trial in the Court of Common Pleas of Philadelphia, Richard T. Glover, appellant, was convicted

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

of carrying a firearm on a public street, recklessly endangering another person, simple and aggravated assault, possession of an instrument of crime–generally, and possession of an instrument of crime–concealed weapon. Post–verdict motions were denied, and judgments of sentence of eleven and one–half to twenty–three months imprisonment and a concurrent term of five years probation were imposed. This appeal followed.

Glover argues the trial court erred in refusing to grant a new trial on the ground of after–discovered evidence. The issue was first raised in post–verdict motions and is the only assignment of error now advanced.

The criminal charges against Glover stemmed from the shooting of a woman outside a bar in Philadelphia on March 8, 1978, sometime between 7:00 p. m. and 9:00 p. m. At trial, the victim and her son testified as Commonwealth witnesses and identified Glover as the guilty party. Glover testified in his own defense and denied having a gun at the time or firing any shots. Two individuals who said they saw the incident testified and corroborated Glover.

Because of the after–discovered evidence claim, the trial court conducted an evidentiary hearing before disposing of the post–verdict motions. At the hearing, James Harris, who was not a witness at trial, testified that he and Glover were working together at the bar involved on March 8, 1978; that he was standing right beside Glover when the victim was shot; that Glover did not have a gun and did not shoot at anyone; that he, Harris, and a couple other people fired guns; that, shortly after the incident, he was taken into custody by police; that he was taken to the hospital to be identified, but returned to the bar when he was not identified; that Glover was then arrested and taken to a police station; and, that he, Harris, went to the police station and told the police that he did the shooting.

A statement given to the police by Harris about 4:00 a. m. on March 9, 1978, recorded on a typewriter, and then signed by Harris was introduced into evidence at the hearing. This

statement indicated that Harris initially told the police he did the shooting in order to protect Glover, and Harris lied when he said he did the shooting. After this statement was made part of the evidence, Harris testified that he did not read it before signing it and that the statement was inaccurate because he never said he did not fire a gun. A second statement taken about 7:00 a. m. which was handwritten by Harris was introduced into evidence. It indicated that Harris shot the gun during the incident.

The hearing also disclosed the following. Initially, both Harris and Glover had been charged with the crimes involved; but, at a joint preliminary hearing, only Glover was identified as the person who shot the gun. As a result, Harris was discharged. Glover's counsel was aware, some two months before trial, of Harris' incriminating admissions and the two recorded statements he made to the police, but did not call Harris as a witness at Glover's trial. Glover contacted Harris after he was convicted, and Harris indicated he would tell Glover's lawyer that Glover did not have a gun on the night of the crimes. Glover's counsel advised Harris to obtain counsel and sought a new trial based on after–discovered evidence.

> " 'In order to justify the grant of a new trial on the basis of after–discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result.' "

*Commonwealth v. Cooney,* 444 Pa. 416, 417–18, 282 A.2d 29, 30 (1971), quoting *Commonwealth v. Schuck,* 401 Pa. 222, 229, 164 A.2d 13, 17 (1960). The trial court applied the quoted test and concluded only one of the four requirements was met by Glover, namely that the evidence was not cumulative and did not merely impeach credibility. We agree.

The record clearly shows that Glover's counsel was made aware of Harris' statements to police approximately two months prior to trial. Hence, the evidence cannot be considered after–discovered. *Commonwealth v. Hayward*, 437 Pa. 215, 263 A.2d 330 (1970) (testimony of three witnesses was not after–discovered evidence where identities of the witnesses were known at trial if not before); *Commonwealth v. Johnson*, 228 Pa.Super. 364, 323 A.2d 295 (1974) (evidence–a confession by appellant's brother–was not after–discovered where appellant knew of it before trial and failed or refused to call brother as a witness).

Additionally, the record does not show that Harris' testimony could not have been obtained at trial through reasonable diligence. While Harris after the shooting moved from the residence he occupied, he remained in the same neighborhood and Glover had no apparent problem in locating him after the trial.

Glover attempts to excuse his failure to meet the first two requirements of the above quoted test on the ground that no amount of diligence by Glover could have compelled Harris to testify because Harris could invoke his right against self–incrimination.

In *Commonwealth v. Johnson*, supra, this court rejected a similar argument. In that case, the appellant's brother confessed to appellant before trial that he had committed the robbery with which appellant was charged. We said reasonable diligence was not used when the brother was not called to testify merely because he may have plead the Fifth Amendment. We noted that the brother had already confessed his guilt to the appellant and may not have objected to testifying at trial if he were called as a witness.

Instantly, the inference that Harris may not have refused to testify is stronger since he had already confessed to police.

Judgments of sentence affirmed.