J-S18025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DEVINE STEVEN ANDRE EDWARDS :
:
Appellant : No. 958 WDA 2024

Appeal from the PCRA Order Entered June 19, 2024
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000855-2022

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: September 23, 2025**

Appellant Devine Steven Andre Edwards appeals from the order denying his Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that the PCRA court erred in rejecting his claim that his guilty plea was not knowing or voluntary because the Department of Corrections (DOC) has failed to honor his agreed-upon sentence. After careful review, we affirm on the basis of the PCRA court's opinion.

We adopt the PCRA court's summary of the facts underlying this case. *See* PCRA Ct. Op., 10/18/24, at 1-4. Briefly, Appellant was charged with aggravated assault and related charges in 2022. *Id.* at 1-2. In 2023, he entered a negotiated guilty plea to aggravated assault. *Id.* at 1-2. In

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S. §§ 9541-9546.

exchange, the Commonwealth agreed to recommend a sentence of eighteen to seventy-two months' incarceration and to *nolle prosse* the remaining charges. *Id.* On January 31, 2023, the trial court sentenced Appellant to the agreed-upon sentence and noted that he would be eligible for the state drug treatment program (SDTP) and state motivational boot camp. *Id.* at 3. Appellant did not file a direct appeal. *Id.*

On January 11, 2024, Appellant filed a *pro se* PCRA petition. The PCRA court appointed PCRA counsel, who filed an amended petition on Appellant's behalf. Therein, Appellant claimed that his guilty plea was not knowing or voluntary because he agreed to plead guilty based on his belief that he would be admitted to SDTP. Following a hearing, the PCRA court concluded that Appellant was not credible and denied Appellant's petition. *See id.* at 7-8.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

> Whether the [PCRA] court erred in denying Appellant's [PCRA petition] averring that his guilty plea was not knowingly, voluntarily and intelligently entered into as same was induced by representations that [A]ppellant would receive a specific sentence which [h]as not been honored by the Pennsylvania Department of Corrections?

Appellant's Brief at 4.

Appellant claims that trial counsel was ineffective for advising Appellant that he would be eligible for the SDTP if he pled guilty to aggravated assault.

- 2 -

*Id.* at 14. Specifically, Appellant argues that he "took the plea offer as outlined to him, *i.e.*, serve a sentence of 18 to 72 months with eligibility for [SDTP]," but that, "upon being sent to SCI Camp Hill, after his sentencing, he was advised that he was not eligible for the program due to the nature of the crime to which he pled guilty, *i.e.*, a crime of violence, which was not what was represented to him at the time of plea discussions." *Id.* at 14.[2]

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> *        *        *
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy

_____

[2] We note that "[w]here the record shows that a proper colloquy was conducted before the defendant entered his guilty plea, the burden is on the defendant to show that the plea was not intelligent and voluntary[.]" *Commonwealth v. Warren*, 399 A.2d 773, 775 (Pa. Super. 1979) (citations omitted and some formatting altered).

- 3 -

any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered). Additionally, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

Following our review of the record, the parties' briefs, and the PCRA court's analysis, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 4-8. As noted previously, the PCRA court concluded that Appellant's testimony was not credible and that he did not enter his plea based on the belief that he would be eligible for SDTP. *See id.* at 7-8. Therefore, we discern no error of law in the PCRA court's conclusions. *See Sandusky*, 203 A.3d at 1043-44. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/23/025

- 4 -