402 A.2d 1065

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Robert JONES, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided May 4, 1979.

William A. Duncan, Carlisle, for appellant.

38

Edgar B. Bayley, District Attorney, Carlisle, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Cumberland County.

Appellant was convicted of assault by prisoner, 18 Pa.C.A. § 2703 in a non-jury trial and subsequently sentenced to 5–10 years imprisonment.

The facts underlying the conviction are as follows:

Appellant and the victim were prisoners in the "J" ward in the State Correctional Institution at Camp Hill. On April 1, 1977 appellant apparently banged the doors of the victim's cell; the victim then directed him to stop and to keep his hands off of the cell door. Appellant then reached through the cell door, attempting to grab the victim, whereupon the victim struck appellant's hands with a piece of wood. Appellant withdrew his hands and then threatened the victim. Later that day while the victim was looking out the front of his cell, appellant sneaked up on him (the cell was so constructed that a prisoner could only see out of the front thereof) and slashed his throat with a razor blade. The cut required twelve stitches to close and the victim was hospitalized for 23 days.

Appellant argues that a new trial should have been granted in light of evidence and testimony that became available after the conclusion of the trial.

██ Before a new trial may be granted on the basis of after-discovered evidence, we have held that the evidence must be discovered after trial; must be such that it could not have been obtained at the time of trial by the exercise of reasonable diligence; must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result. *Commonwealth v. Schuck*, 401 Pa. 222, 164 A.2d 13 (1960); *Commonwealth v. Johnson*, 228 Pa.Super. 364, 323 A.2d 295 (1974).

The after discovered evidence in this case consists of testimony by three persons who were inmates of Camp Hill at the time the above incident occurred.

We have reviewed appellant's brief and nowhere does he offer any reason why the above testimony could not have been produced at trial. The three witnesses were also inmates of the same prison. Nearly five months passed between the time of the incident and the trial. Conceivably, there might be circumstances under which this testimony would have been withheld or reasons why appellant or his counsel did not discover these witnesses, however, no explanation is given, other than a bare assertion that these witnesses did not come forward until the trial was finished.

Under these circumstances we must affirm the lower courts denial of the motion for a new trial, as appellant has not satisfied one of the criteria necessary to grant a new trial on the basis of after-discovered evidence.[1]

Judgment of sentence affirmed.

---

1. Appellant also raises a second issue asserting insufficiency of evidence. However, the argument is based almost entirely on the absence at trial of the evidence now "discovered"; we have discussed this, hence we do not consider the second issue.