J-S79027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LORRAINE SCOTT | |
| Appellant | No. 111 EDA 2016 |

Appeal from the Judgment of Sentence November 13, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000027-2015

BEFORE: GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.: **FILED JANUARY 25, 2017**

James Lorraine Scott appeals from the judgment of sentence entered on

November 13, 2015 by the Chester County Court of Common Pleas. We affirm

the judgment of sentence and dismiss Scott's ineffective assistance of counsel

claims without prejudice.

The trial court summarized the relevant procedural history of this matter

as follows:

> On July 20, 2015, a bench trial was held and at the
> conclusion, this Court found [Scott] guilty of Indecent
> Assault (18 Pa.C.S.A. §3126(a)(1)). At the bench trial [Scott] was
> represented by Anthony F. List, Esquire. [Scott] retained
> current counsel, Carson B. Morris, Esquire, on August 14,
> 2015. On November 13, 2015, immediately prior to
> sentencing, [Scott] made an oral Motion for Extraordinary
> Relief pursuant to Pa.R.Crim.P. 704(B) contending that a new
> trial was necessary due to newly discovered evidence that
> [Scott] suffers from Asperger's Syndrome and that his trial
> counsel was ineffective when he failed to present evidence of
> [Scott's] condition and failed to file a Motion to Suppress

[Scott's] statement to local law enforcement. (N.T., 11/13/15, p. 4, ll. 4-18). The oral Motion for Extraordinary Relief was denied and [Scott] was sentenced to 5-23 months of incarceration and ordered to register as a sex offender for 15 years pursuant to 42 Pa.C.S.A. §9799.14 and §9799.15(a)(1).

On November 18, 2015, [Scott] filed a Bail Motion along with a Post-Sentence Motion for a New Trial. In his Motions for a New Trial, [Scott] again raised a Post-Conviction Relief Act ("PCRA") claim of ineffective assistance of counsel as "extraordinary" and within the prerequisites set forth in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013). [Scott's] Post-Sentence Motion for New Trial was denied on December 2, 2015 and his Motion for Bail was granted on December 3, 2015.

On December 31, 2015, [Scott] appealed our judgment of sentence and our denial of his Post-Sentence Motion for New Trial. Our Rule 1925(b) Order was docketed on January 4, 2016 and [Scott's] Concise Statement was filed timely on January 21, 2016.

Rule 1925(a) Opinion, 2/29/16, at 1-2 ("1925(a) Op.").

Scott raises the following issues on appeal:

DID THE LOWER COURT ERR IN RULING THAT APPELLANT'S CONVICTION WAS NOT THE RESULT OF THE INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL WHEN COUNSEL FAILED TO MOVE TO SUPPRESS THE STATEMENT APPELLANT GAVE TO LAW ENFORCEMENT WHEN THIS STATEMENT WAS INVOLUNTARILY GIVEN AND OTHERWISE INADMISSIBLE DUE TO APPELLANT'S ASPERGER'S SYNDROME?

DID THE LOWER COURT ERR IN DENYING APPELLANT'S CLAIM THAT SHOULD TRIAL COUNSEL NOT BE DEEMED INEFFECTIVE FOR FAILING TO REALIZE HIS CLIENT SUFFERED FROM ASPERGER'S SYNDROME, UNDERSIGNED COUNSEL'S DISCOVERY OF APPELLANT'S CONDITION CONSTITUTED AFTER-DISCOVERED EVIDENCE WARRANTING THE GRANT OF A NEW TRIAL?

Scott's Br. at 4.

Scott argues that trial counsel was ineffective on two grounds: 1) for failing to move to suppress the statement Scott gave to police in light of Scott's diagnosis of Asperger's Syndrome; and 2) to the extent counsel was unaware that Scott had Asperger's Syndrome, for failing to investigate. Scott's Br. at 13-14. Before addressing the merits of Scott's ineffectiveness claims, we first address whether his claims are properly before this Court.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), "[o]ur Supreme Court determined that, absent certain circumstances, 'claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal.'" **Commonwealth v. Harris**, 114 A.3d 1, 5 (Pa.Super. 2015) (quoting **Holmes**, 79 A.3d at 576); **see also Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) ("[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."). The **Holmes** Court recognized two exceptions to this general rule:

> We recognize two exceptions [to the general rule] both falling within the discretion of the trial judge. First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims . . . where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims,

on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown,[1] and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.[2] In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called [***Commonwealth v. Bomar***, 826 A.2d 831 (Pa. 2003)] exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

[1] ...[I]n short sentence cases the trial court's assessment of good cause should pay particular attention to the length of the sentence imposed and the effect the length of the sentence will have on the defendant's realistic prospect to be able to avail himself of collateral review under the PCRA.

[2] Unitary review describes the defendant's ability to pursue both preserved direct review claims and collateral claims of trial counsel ineffectiveness on post-sentence motions and direct appeal, and could aptly describe both exceptions we recognize today. However, for purposes of this appeal, we intend the term only to describe the second exception, *i.e.*, that hybrid review which would encompass full-blown litigation of collateral claims (including non-record-based claims).

***Holmes***, 79 A.3d at 563–64 (some citations omitted).

The trial court did not address whether extraordinary circumstances warranting immediate consideration of Scott's ineffectiveness claims existed,[1] nor did it address whether unitary review was appropriate. Based on our review of the record, we conclude that extraordinary circumstances do not exist here. Thus, the first exception to the general rule deferring such claims to PCRA review does not apply. Scott also argues that this case is a "short sentence" case warranting unitary review. Scott's Br. at 1-2. Scott, however, did not knowingly and expressly waive his right to PCRA review.[2] Thus, the unitary review exception does not apply.

Accordingly, the trial court should not have considered the merits of the ineffectiveness claims raised in Scott's post-sentence motion. Therefore, we dismiss Scott's claims of ineffectiveness of counsel without prejudice to his right to raise these claims in a timely filed PCRA petition. *See Commonwealth v. Burno*, 94 A.3d 956, 971 (Pa. 2014) (concluding that appropriate disposition of collateral claims for ineffectiveness of counsel improperly entertained by trial court is dismissal of claims without prejudice to appellant's right to pursue them under PCRA).

---

[1] In fact, the trial court found that Scott's ineffectiveness claims lacked merit.

[2] We also note that Scott is currently on bail pending the instant appeal.

Scott next argues that the trial court erred in denying his motion for a new trial based on a claim of after-discovered evidence, where the alleged after-discovered evidence is Scott's diagnosis of Asperger's Syndrome.

> A trial court should grant a motion for new trial on the ground of after-discovered evidence where producible and admissible evidence discovered after trial (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial. In reviewing the trial court's determination in this regard, this Court affirms unless the determination constitutes an abuse of discretion.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1068 (Pa. 2013) (internal citations omitted).

The trial court addressed this claim in its opinion and properly concluded that Scott was not entitled to a new trial. As the trial court explained:

> [Scott] cannot meet his burden as he fails to meet the very first requirement, that the evidence claimed, [Scott's] Asperger's Syndrome, is newly discovered evidence. By his own admission, [Scott] was aware of his mental, emotional, and behavioral problems as a child when he attended a special educational school and was aware of the specific diagnoses of Asperger's Syndrome after being diagnosed by a physician prior to obtaining his massage therapy license. Specifically, [Scott] requested, and was granted, special accommodations in taking his massage licensure test. (N.T., 11/13/15, p. 5, ll. 18 – p. 6, l. 3). [Scott] was aware of his conditions, its limitations, and exercised his right to accommodations long before his interview with law enforcement. As a result, there is no reasonable explanation, and [Scott] has not offered one, as to why [Scott] could not have produced the evidence of his diagnosis at or before his bench trial. *Commonwealth v. Jones*, 402 A.2d 1065, 1066 (Pa. Super. 1979). Additionally, our courts have held that a defendant has a duty to bring forth any relevant evidence on

his behalf. ***Commonwealth y. Johnson***, 323 A.2d 295, 296 (Pa.Super. 1974). Thus, [Scott] cannot now claim that his diagnosis is "newly discovered" evidence warranting a new trial.

1925(a) Op. at 5.

Judgment of sentence affirmed. Ineffective assistance of counsel claims dismissed without prejudice. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/2017