J-S15008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUENTIN INGRAM | : | |
| | : | |
| Appellant | : | No. 502 WDA 2018 |

Appeal from the PCRA Order January 18, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002741-2012

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                                    **FILED APRIL 26, 2019**

Appellant, Quentin Ingram, appeals from the order of the Court of Common Pleas of Allegheny County that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. After careful review, we affirm.

This case arose from a shooting spree shortly after midnight on December 18, 2011, at a party hosted by Reginald and Ebony Pearson for their daughter's sixteenth birthday. Eight guests at the party were shot by a male partygoer who repeatedly fired a semi-automatic gun at the crowd and fled the scene. One of the victims died from his wounds. At Appellant's jury trial, Reginald Pearson identified Appellant as the shooter and testified that he

---

[1] 42 Pa.C.S. §§ 9541–9546.

* Retired Senior Judge assigned to the Superior Court.

saw Appellant pull out the gun and fire numerous rounds into the crowd of partygoers. No other witness identified the shooter, but two of the victims and another guest testified that they knew Appellant and that he was at the party. In addition, Mr. Pearson's testimony as to what the shooter was wearing, a striped hooded sweatshirt, matched the two victims' descriptions of the clothes that Appellant was wearing at the party. ***See Commonwealth v. Ingram***, No. 1468 WDA 2014, unpublished memorandum at 1-7 (Pa. Super. filed November 9, 2015); N.T. Trial at 380-82.

On January 10, 2014, Appellant was convicted by a jury of one count of third degree murder, seven counts each of aggravated assault and reckless endangerment, and one count of carrying an unlicensed firearm.[2] On April 2, 2014, the trial court sentenced Appellant to 20-40 years imprisonment on the third-degree murder conviction and 8 to 16 years for each of the aggravated assault convictions, with no additional penalty for the remaining offenses. The trial court ordered that Appellant serve all of these sentences consecutively for an aggregate sentence of 76 to 152 years' incarceration. Appellant timely filed post-sentence motions, which were denied by the trial court, and a direct appeal. On November 9, 2015, this Court affirmed the judgment of sentence. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 16, 2016.

---

[2] 18 Pa.C.S. §§ 2502(c), 2702, 2705, and 6106, respectively.

On March 3, 2017, Appellant, represented by counsel, filed a timely PCRA petition, which set forth no grounds for relief and requested a 60-day extension of time to file an amended PCRA petition on the ground that counsel did not yet have materials from Appellant's trial and direct appeal. The PCRA court granted the requested extension of time to file an amended PCRA petition. Appellant's PCRA counsel did not file an amended PCRA petition within the extension period and, instead, requested two additional extensions of time on the ground that a private investigator had been retained to locate and interview witnesses and that the investigator needed additional time to locate witnesses. The PCRA court granted Appellant two further extensions of time, permitting Appellant to file an amended PCRA petition no later than August 11, 2017.

On August 10, 2017, PCRA counsel filed an amended PCRA petition asserting two claims: (1) an ineffectiveness assistance of counsel claim based on trial counsel's failure to litigate a motion to suppress Mr. Pearson's identification of Appellant; and (2) an after-discovered evidence claim that after Appellant's conviction, Mr. Pearson allegedly said to an unidentified witness not yet located that "the only reason he identified [Appellant] was because the police threatened to charge him for hosting the party." Amended PCRA Petition ¶¶22-27, 29-31. The Commonwealth filed a motion for a more definite statement seeking an order that Appellant supplement the amended PCRA petition with respect to the after-discovered evidence claim or withdraw

that claim.  PCRA counsel, in response, sought a 60-day extension of time, stating that Appellant's private investigator "is currently attempting to locate witnesses who will testify that Mr. Pearson admitted only making an identification of Defendant because he was threatened with arrest and prosecution for holding an underage drug and alcohol party and for tampering with the scene," that "[t]o date said investigator has been unsuccessful in locating witnesses," and that the after-discovered evidence claim would be withdrawn, if such witnesses could not be located within 60 days.  8/29/17 Motion for Extension of Time ¶¶3-5.

On September 7, 2017, the PCRA court ordered that Appellant file a supplement to the amended PCRA petition with respect to the after-discovered evidence claim within ten days.  Appellant responded that no witness to Mr. Pearson's alleged admission had been located and requested a further extension of time until November 20, 2017 to supplement the after-discovered evidence claim.  On September 22, 2017, the PCRA court denied this request for extension and dismissed Appellant's after-discovered evidence claim.

On December 19, 2017, the PCRA Court issued a notice pursuant to Pa.R.Crim.P. 907(1) of its intent to dismiss Appellant's amended PCRA petition without a hearing on the ground there was no basis for the remaining claim of ineffective assistance of trial counsel.  On January 3, 2018, PCRA counsel filed a response to the Rule 907(1) notice asserting that on December 15, 2017, Appellant's mother provided him with a letter from Tyrone Leonard,

another inmate at the same prison as Appellant, and that Mr. Leonard was the witness referred to in Appellant's after-discovered evidence claim. Response to Notice of Intention to Dismiss ¶¶2-4. PCRA counsel attached to this response a copy of an undated handwritten letter from Mr. Leonard stating:

> On December 18, 2011, I received a call from Reginald "Reggie" Pearson. … Reggie said to me that he heard the shooter was somebody named "Q" from McKeesport & asked if I knew him, since im [*sic*] from McKeesport. When I told him yeah he said he didn't get to see what "Q" looked like because he was upstairs while the shooting was going on in the basement. Reggie then asked if I could show him a picture of "Q" and tell him his real name. I told him "Q's" real name was Quentin Ingram & showed Reggie a picture of Quentin on Facebook & a music video called "Let Her" by 4 Pound that Quentin was in.

*Id.*, Attachment.

On January 18, 2018, the PCRA court dismissed Appellant's amended PCRA petition. On January 23, 2018, PCRA counsel filed a "Certified Statement of Tyrone Leonard" in which he summarized the testimony that Mr. Leonard would provide as consisting of the following:

> 1. Tyrone Leonard is currently incarcerated at SCI Forest at Inmate # LL6178.
> 2. Mr. Leonard knew the eyewitness, Reginald Pearson, in this matter. Mr. Pearson purchased narcotics from Mr. Leonard on multiple occasions.
> 3. Mr. Leonard knew Mr. Pearson for some months prior to the shooting at Mr. Pearson's residence.
> 4. Mr. Pearson told me the following day that he could not identify the shooter.
> 5. Mr. Pearson told Mr. Leonard that law enforcement was "on his ass" to make an identification.

Certified Statement of Tyrone Leonard ¶¶1-5. On February 6, 2018, PCRA counsel filed a motion to withdraw as counsel, and the PCRA court, by order

filed on February 15, 2018, granted that motion and appointed present counsel to represent Appellant. Because counsel did not receive notice of his appointment until after the expiration of the appeal deadline, the PCRA court granted Appellant restoration of his appeal rights and leave to file an appeal *nunc pro tunc* from the dismissal of his PCRA petition. This timely appeal followed.

Appellant raises the following two issues for our review:

I. Was PCRA counsel ineffective for failing to properly and timely plead and present a claim that the conviction resulted from the unavailability at the time of trial of exculpatory evidence that subsequently became available and would have changed the outcome of the trial if it had been introduced?

II. Alternatively, did the court abuse its discretion in not granting counsel additional time to locate Leonard, who was incarcerated, and to file a supplemental petition to set forth the factual basis for his "after-discovered evidence" claim, and for not ordering a hearing on the claim?

Appellant's Br. at 4. Appellant does not contend that the PCRA court erred in dismissing his claim that trial counsel was ineffective for failure to litigate a motion to suppress Mr. Pearson's identification of Appellant. We review the denial of a PCRA petition to determine whether the record supports the PCRA court's ruling and whether its decision is free of legal error. ***Commonwealth v. Williams***, 196 A.3d 1021, 1026-27 (Pa. 2018); ***Commonwealth v. G.Y.***, 63 A.3d 259, 265 (Pa. Super. 2013).

Appellant's first issue is barred by waiver. A claim of ineffective assistance of PCRA counsel cannot be raised for the first time on appeal and

is waived unless it was raised in the PCRA court before a notice of appeal was filed from the PCRA court's decision. **Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009); **Commonwealth v. Henkel**, 90 A.3d 16, 20, 25-30 (Pa. Super. 2014) (*en banc*). Here, Appellant never asserted any claim in the PCRA court that PCRA counsel was ineffective or expressed any dissatisfaction with PCRA counsel in the period of more than three months between the dismissal of his after-acquired evidence claim and the dismissal of the amended PCRA petition, even after the PCRA court's Pa.R.Crim.P. 907(1) notice of intent to dismiss the amended PCRA petition without a hearing.

Moreover, Appellant's argument that PCRA counsel was ineffective would fail on the merits, as does his argument that the PCRA court abused its discretion in not holding a hearing on his after-discovered evidence claim. Both arguments turn on the same issue, whether the Tyrone Leonard statements belatedly submitted by PCRA counsel were sufficient to support a claim for a new trial based on after-discovered evidence.

A claim of ineffective assistance of counsel requires proof that the underlying claim that counsel allegedly failed to adequately assert has arguable merit. **Commonwealth v. Johnson**, 179 A.3d 1105, 1114-15 (Pa. Super. 2018); **G.Y.**, 63 A.3d at 265; **Commonwealth v. Loner**, 836 A.2d

125, 132 (Pa. Super. 2003) (*en banc*).[3] "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *G.Y.*, 63 A.3d at 265. A convicted defendant does not have an absolute right to an evidentiary hearing on his PCRA petition. *Commonwealth v. Hill*, ___ A.3d ___, ___, 2019 PA Super 12, *8 (filed Jan. 11, 2019); *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). Dismissal of a PCRA petition without a hearing is proper where the PCRA petitioner's factual assertions are insufficient to support a claim for relief. Pa.R.Crim.P. 907(1); *Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017); *see also Commonwealth v. Eichinger*, 108 A.3d 821, 849 (Pa. 2014).

To prevail on an after-discovered evidence claim the convicted defendant must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) this new evidence is not merely corroborative or cumulative of evidence that was admitted at trial; (3) the new evidence is not being used solely to impeach credibility; and (4) the new evidence would likely result in a different verdict. *Commonwealth v. Small*, 189 A.3d 961, 972

---

[3] To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015); *Johnson*, 179 A.3d at 1114. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Johnson*, 179 A.3d at 1114.

(Pa. 2018); *Johnson*, 179 A.3d at 1123; *Commonwealth v. Griffin*, 137 A.3d 605, 608 (Pa. Super. 2016); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1037 (Pa. Super. 2014). All four of these requirements must be proved; if the defendant fails to establish any one of these, the after-discovered evidence claim fails. *Small*, 189 A.3d at 972; *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010). We conclude that Appellant failed to satisfy two of these requirements.[4]

Evidence that is relevant only to impeach the credibility of a witness who testified at trial does not satisfy these requirements and is not sufficient to support the granting of a new trial or PCRA relief based on after-discovered evidence. *Johnson*, 179 A.3d at 1123; *Griffin*, 137 A.3d at 610; *Trinidad*, 96 A.3d at 1037. The Tyrone Leonard statements are relevant only as evidence that a witness, Mr. Pearson, made a prior inconsistent statement to a third party concerning his ability to identify Appellant as the shooter. Mr. Leonard did not purport to have any personal knowledge of exculpatory facts - he did not claim to have been present at the party where the shooting spree occurred nor did he have any personal knowledge concerning Appellant's

---

[4] We note that in *Small*, our Supreme Court recognized that the four-part test for after-discovered evidence claims and its requirement that the after-discovered evidence not be solely for impeachment have been criticized. 189 A.3d at 976 n.12. The Supreme Court, however, did not overrule its prior precedents in *Small* and has continued to apply the four-part test. *Williams*, 196 A.3d at 1031 n.9; *Small*, 189 A.3d at 972. Unless and until the Supreme Court overrules its test for after-discovered evidence claims, we are bound by the Supreme Court's and this Court's precedents on this issue.

- 9 -

involvement or non-involvement in the crime or Mr. Pearson's ability to identify Appellant. Mr. Leonard's statements are therefore relevant solely as impeachment of Mr. Pearson's credibility as a witness and are not sufficient to support an after-discovered evidence claim as a matter of law. **Johnson**, 179 A.3d at 1123; **Griffin**, 137 A.3d at 610; **Trinidad**, 96 A.3d at 1037.

Indeed, this Court has rejected the very same type of after-discovered evidence claim on the grounds that the proffered witness statement was insufficient because it was relevant only to impeach credibility. In **Trinidad**, the defendant, who had been identified at trial only by the victim, sought a new trial based on a newly discovered statement of a third party concerning a conversation with the victim in which the victim had given a different description of the person who shot him and had said that "the district attorney's office was pressuring him to identify [the defendant] as his assailant." 96 A.3d at 1035, 1037. This Court held that this after-discovered evidence was insufficient to warrant a new trial on the ground that the third party's statement was only a "newly discovered basis for impeaching [the victim's] identification testimony." **Id.** at 1037. This case is indistinguishable from **Trinidad**.

In addition, Appellant has not alleged facts sufficient to establish that this after-discovered evidence could not have been obtained at or prior to trial through reasonable diligence. The conversation to which Mr. Leonard says that he would testify occurred on December 18, 2011, over two years before

Appellant's trial. It was therefore Appellant's burden to explain why he could not have identified Mr. Leonard and obtained his testimony at trial. **Padillas**, 997 A.2d at 363; **Commonwealth v. Jones**, 402 A.2d 1065, 1066 (Pa. Super. 1979). While PCRA counsel stated that Appellant's mother notified him of Mr. Leonard's evidence in December 2017, there is nothing in the record to show why Mr. Leonard did not come forward before Appellant's trial or when Appellant first knew of Mr. Leonard's identity. Appellant's trial counsel was aware before Appellant's trial of claims like those set forth in Mr. Leonard's letter, as she specifically cross-examined Mr. Pearson at trial on whether he had looked at Appellant's picture on Facebook or the internet before making his identification and whether he based his identification on street talk that "Q" was the shooter. N.T. Trial at 162-63. There are no allegations in the record as to what investigations trial counsel made to locate witnesses to support these arguments or that trial counsel was unaware of such evidence.

Because Appellant's after-discovered evidence claim was insufficient as a matter of law, the alleged failure of PCRA counsel to timely pursue this claim cannot constitute ineffective assistance of counsel and Appellant was not entitled to a hearing on this claim. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/2019</u>