J. S37034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                  v.                 :
                               :
LAMARR WANAMAKER,           :         No. 3145 EDA 2018
                               :
           Appellant      :

Appeal from the PCRA Order Entered September 20, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010007-2011

BEFORE: BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 15, 2019**

Lamarr Wanamaker appeals from the September 20, 2018 order entered by the Court of Common Pleas of Philadelphia County denying relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

A previous panel of this court provided the following factual history:

> On September [11,] 2010, a group of men, including Neville Franks and Shakiel Taylor, were walking to a park at B and Rockland Streets in North Philadelphia. The group was a few blocks away from the park, on Ruscomb Street when [a]ppellant and Jerek Anderson approached the group. Appellant asked, "where the money at? [W]here the drugs at? I heard you all be out there selling." Taylor responded saying that he did not have any money or drugs. Appellant then took out a revolver and searched Taylor's pockets. Appellant threw the things in Taylor's pockets on the ground.

> Appellant demanded to search Franks. Franks refused. Appellant then shot Franks twice. Franks died.

***Commonwealth v. Wanamaker***, 161 A.3d 369 (Pa.Super. 2017)

(unpublished memorandum).

The PCRA court set forth the following:

> On July 8, 2011, [appellant] was arrested and charged with murder, robbery (two counts), simple assault, firearms not to be carried without a license ("VUFA 6106"), carrying firearms on a public street in Philadelphia ("VUFA 6108"), and possession of an instrument of crime ("PIC").
>
> On January 22, 2013, [appellant] appeared before [the trial court] and elected to be tried by a jury. On January 25, 2013, the jury found [appellant] guilty of second-degree murder, two counts of robbery, VUFA 6106, and PIC.[Footnote 1] That same day, [the trial court] sentenced [appellant] to life imprisonment without parole for second-degree murder, and concurrent sentences of ten to twenty years of imprisonment for each robbery count, three to six years of imprisonment for VUFA 6106, and one to two years of imprisonment for PIC, for a total sentence of life imprisonment.
>
> > [Footnote 1] The remaining charges were ***nolle prossed***.
>
> [Appellant] appealed and on February 7, 2017, the Superior Court vacated [appellant's] judgment of sentence with respect to one count of robbery, and affirmed the judgment of sentence in all other respects.[Footnote 2] [***See Wanamaker***, 161 A.3d 369 (unpublished memorandum).] On March 6, 2017, [appellant] filed a petition for allowance of appeal, which the Supreme Court of Pennsylvania denied on July 6, 2017. [***See Commonwealth v. Wanamaker***, 169 A.3d 1036 (Pa. 2017).]

> [Footnote 2] The predicate felony for [appellant's] second-degree murder conviction was robbery, so the second-degree murder conviction and one of the robbery convictions should have merged for sentencing purposes.
>
> On February 20, 2018, [appellant] filed the instant, timely **pro se** PCRA petition, his first. On June 27, 2018, appointed PCRA counsel filed an amended petition. After a bifurcated evidentiary hearing on September 17, 2018 and September 20, 2018, [the PCRA court] dismissed the petition. On October 14, 2018, [appellant] filed a timely notice of appeal. On October 16, 2018, [the PCRA court] issued an order directing [appellant] to file a 1925(b) statement, which was filed on November 3, 2018.

PCRA court opinion, 12/14/18 at 1-2 (extraneous capitalization omitted). The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 14, 2018.

Appellant raises the following issues for our review:

> I.    Did the PCRA [c]ourt err and violate [a]ppellant's constitutional rights under the Sixth and Fourteenth Amendments by finding that [a]ppellant had not used reasonable diligence and/or was otherwise untimely in presenting the after[-]discovered evidence of Jaleel Lewis?
>
> II.   Did the PCRA court err and violate [a]ppellant's constitutional rights under the Sixth and Fourteenth Amendments by finding that after[-]discovered witness Jaleel Lewis did not present credible evidence of [a]ppellant's innocence?

Appellant's brief at 3.

We review the denial of relief pursuant to the PCRA using the following standard:

> "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Washington***, [], 927 A.2d 586, 593 ([Pa.] 2007) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a ***de novo*** standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, [], 79 A.3d 595, 603 ([Pa.] 2013), ***cert. denied***, ***Roney v. Pennsylvania***, [] 135 S.Ct. 56, [] (2014). To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. ***See*** 42 Pa.C.S.[A.] § 9543(a)(2) (outlining the requirements to be eligible for PCRA relief). Among those requirements are that the issue raised be neither previously litigated nor waived. ***Id.*** at 9543(a)(3). "An issue is previously litigated if 'the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. . . .' [42 Pa.C.S.A.] § 9544(a)(2). An issue is waived 'if the petitioner could have raised it but failed to do so before trial, at trial, . . . , on appeal, or in a prior state postconviction proceeding.' ***Id.*** § 9544(b)." ***Commonwealth v. Keaton***, [], 45 A.3d 1050, 1060 ([Pa.] 2012). "Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief. [Also, i]t is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." ***Commonwealth v. Wholaver***, [], 177 A.3d 136, 144-45 ([Pa.] 2018) (citations omitted).

***Commonwealth v. Williams***, 196 A.3d 1021, 1026-1027 (Pa. 2018).

Both of appellant's issues on appeal address the potential testimony of Jaleel Lewis. Appellant contends that Lewis was at the murder scene, but that

appellant did not learn Lewis's first and last name until he and Lewis met on October 8, 2017, on their way to the dining hall at SCI Houtzdale, and therefore had no way to contact Lewis before trial. (Appellant's brief at 10-11.)

In his first issue, appellant contends that the PCRA court erred when it determined that appellant failed to exercise reasonable diligence in his attempt to secure Lewis's testimony. (*Id.* at 6.)

> To obtain a new trial based on after-discovered evidence, the petitioner must explain why he could not have produced the evidence in question at or before trial by the exercise of reasonable diligence. *Commonwealth v. Jones*, [] 402 A.2d 1065, 1066 ([Pa.Super.] 1979). A defendant may unearth information that the party with the burden of proof is not required to uncover, so long as such diligence in investigation does not exceed what is reasonably expected. *Commonwealth v. Brosnick*, [] 607 A.2d 725, 729 ([Pa.] 1992). *See also Argyrou v. State*, [] 709 A.2d 1194, 1202-03 ([Md.] 1998) (holding due diligence requires that defendant act "reasonably and in good faith to obtain the evidence, in light of the totality of the circumstances and facts known to [him]"). Thus, a defendant has a duty to bring forth any relevant evidence in his behalf. *Commonwealth v. Johnson*, [] 323 A.2d 295, 296 ([Pa.Super.] 1974). A defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence. *Commonwealth v. Crawford*, [] 427 A.2d 166, 175 ([Pa.Super.] 1981). Likewise, a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence. *Commonwealth v. Chambers*, [] 599 A.2d 630, 642 ([Pa.] 1991), *cert. denied*, 504 U.S. 946 [] (1992). The concept of reasonable diligence is particularly relevant where the defendant fails to investigate or

> question a potential witness with whom he has a close, amicable relationship. **See Commonwealth v. Parker**, [] 431 A.2d 216, 218 ([Pa.] 1981) (holding defendant did not exercise reasonable diligence where he failed to learn before or during trial of girlfriend's confession to murder for which he was on trial). **See also United States v. Vigil**, 506 F. Supp.2d 571, 578 (D. N.M. 2007) (observing defendant likely knew content of new witness' testimony where defendant had long-standing personal relationship with witness, worked with witness, and witness was member of defendant's family); **Commonwealth v. Weichell**, [] 847 N.E.2d 1080, 1092 ([Mass.] 2006) (stating defendant who learned of exculpatory witness testimony after trial did not exercise due diligence, where he maintained contact with witness and circumstances should have alerted him to existence of evidence claimed to be newly discovered).

**Commonwealth v. Padillas**, 997 A.2d 356, 363-364 (Pa.Super. 2010), **appeal denied**, 14 A.3d 826 (Pa. 2010).

Here, as noted by the PCRA court, appellant was aware that Lewis was "out there" on the night of the murder. (**See** PCRA court opinion, 12/14/18 at 6, citing notes of testimony, 9/20/18 at 35-36.) In his brief, appellant contends that he failed to investigate Lewis's whereabouts because he only knew Lewis to be "Shaniqua's little brother." (Appellant's brief at 9.) This does not absolve appellant of his responsibility to conduct an investigation into Lewis's whereabouts. Indeed, appellant knew that Lewis lived somewhere over on the next block from where appellant lived. (**Id.** at 8.) Appellant was also casually acquainted with Shaniqua. (**Id.** at 9 n.2.) With this information, appellant, through his counsel and/or an investigator, could have attempted to obtain Lewis's cooperation before and during trial. Accordingly, we find

that the PCRA court's conclusion that appellant did not adequately explain the delay in producing Lewis's testimony is supported by the record and is free of legal error.

In his second issue on appeal, appellant contends that the PCRA court erred when it concluded that Lewis's evidence of appellant's innocence lacked credibility. In his argument, rather than defend Lewis's credibility, appellant avers that Lewis's testimony "cannot possibly be considered to be cumulative of other evidence." (Appellant's brief at 16.) In his concise statement of errors complained of on appeal, appellant only addresses the PCRA court's credibility determination as it pertains to Lewis's testimony. (**See** appellant's Rule 1925(b) statement at 2.) Accordingly, any issue relating to whether Lewis's testimony was considered cumulative is waived on appeal. **Commonwealth v. Smyser**, 195 A.3d 912, 916 (Pa.Super. 2018), citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998); Pa.R.A.P. 1925(b)(4)(vii) (holding that failing to include an issue in a Rule 1925(b) statement results in waiver of the issue on appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/19

- 7 -