J-S49037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY RANSOME | : | |
| | : | |
| Appellant | : | No. 291 EDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006515-2007

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 04, 2019**

Appellant Jerry Ransome appeals the order of the Court of Common Pleas of Philadelphia County denying Appellant's petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Appellant claims that his trial counsel was ineffective for failing to object to the admission of prior bad act evidence and suggests that he is entitled to a new trial based on after-discovered evidence.  After careful review, we affirm.

The trial court previously summarized the factual background and procedural history of this case as follows:

> [Appellant] and three co-defendants, Eric Gales, Isaiah Ransome, and Sean Gordine were each arrested and charged with murder and related offenses in connection with a robbery and shooting in the Frankford section of Philadelphia on October 3, 2006. During

---

[*] Former Justice specially assigned to the Superior Court.

the course of the robbery, [Appellant] fired shots at each of the four victims, robbing all and killing one.

The defendants were jointly tried by a jury before the Honorable Carolyn Engle Temin.[1,2] On June 13, 2008, the jury returned a partial verdict finding all four defendants not guilty of first degree murder, but deadlocking on the remaining charges. …

On December 14, 2012, at the conclusion of the second jury trial, the jury found [Appellant] guilty of second degree murder, three counts of robbery (F-1), three counts of aggravated assault (F-1), criminal conspiracy, possession of an instrument of crime (PIC) and violating §§ 6106 and 6108 of the Uniform Firearms Act.

On June 21, 2013, following a lengthy hearing, [the Honorable Benjamin Lerner] sentenced [Appellant] to thirty-five (35) years to life imprisonment on the second degree murder bill and concurrent prison terms of five (5) to ten (10) years on the robbery and conspiracy bills [] and two-and-a-half (2½) to five (5) years on the § 6106 bill. The court also imposed a prison term of five (5) to ten (10) years for each aggravated assault bill (these sentences were ordered to run concurrently to each other but consecutively to the murder). No further penalty was imposed on the remaining bills. [Appellant's] total aggregate sentence was forty (40) years to life.

Trial Court Opinion (T.C.O.), 8/7/15, at 1-2. Appellant filed a post-sentence motion which the trial court subsequently denied.

Appellant filed a notice of appeal, but his appeal was dismissed due to defense counsel's failure to file a docketing statement. On March 24, 2014,

_____

[1] Although Appellant was seventeen at the time of the crimes at issue, Appellant and his co-defendants were charged and tried as adults.

[2] Judge Temin subsequently joined the Philadelphia District Attorney's Office as an Assistant District Attorney. The Commonwealth, in its Motion to Dismiss Appellant's PCRA petition, indicated that it had screened Judge Temin from this case pursuant to its conflict-resolution protocol. *See* Pa.R.Prof.Conduct 1.12(c)(2) (providing for the disqualification of a lawyer who previously served in a matter as a judge and setting forth notice and screening requirements for participation of the former judge's firm in the matter).

Appellant filed a *pro se* PCRA petition, arguing that his counsel was ineffective in failing to file the docketing statement. On February 20, 2014, the lower court granted this petition and reinstated Appellant's appellate rights *nunc pro tunc*. After Appellant filed an appeal, this Court affirmed the judgment of sentence on May 16, 2016, and our Supreme Court denied Appellant's petition for allowance of appeal on November 29, 2016.

On November 7, 2017, Appellant filed a *pro se* PCRA petition.[3] The PCRA court appointed Appellant counsel, who filed an amended petition. On September 9, 2018, the Commonwealth filed a Motion to Dismiss the petition. On November 20, 2018, the PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the Rule 907 notice. On December 20, 2018, the PCRA court dismissed Appellant's petition. This timely appeal followed.

Appellant raises two issues for our review:

I.     Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to timely object to and appeal the Court's pre-trial ruling permitting the Commonwealth to introduce evidence of Appellant's prior juvenile 'contacts' with the criminal justice system?

II.    Did after discovered evidence of a pattern, practice and custom within the Philadelphia Homicide Detectives Unit of

---

[3] Appellant's petition meets the PCRA's timeliness requirements. **See** 42 Pa.C.S.A. § 9545(b)(1) (indicating that a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final").

- 3 -

threatening, coercing, and falsifying witnesses and suspects statements violate Appellant's right to a fair trial?

Appellant's Brief, at 3.

Appellant first claims trial counsel was ineffective in failing to object when the Commonwealth elicited testimony concerning his prior contacts with the criminal justice system. In reviewing claims of ineffectiveness of counsel, we are guided by the following principles:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).
>
> [*Commonwealth v. Natividad*, 595 Pa. 188, 207–208, 938 A.2d 310, 321 (2007);] *see also Commonwealth v. Hall*, 582 Pa. 526, 537, 872 A.2d 1177, 1184 (2005) (stating an appellant's failure to satisfy any prong of the *Pierce* ineffectiveness test results in a failure to establish the arguable merit prong of the claim of ineffectiveness).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018).

With respect to the admission of evidence of a defendant's prior bad acts, we are guided by the following principles:

> While evidence of prior bad acts is inadmissible to prove the character of a person in order to show conduct in conformity therewith, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. ***Commonwealth v. Sherwood***, 603 Pa. 92, 982 A.2d 483, 497 (2009); Pa.R.E. 404(b)(2) (providing that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident").

***Commonwealth v. Busanet***, 618 Pa. 1, 43, 54 A.3d 35, 60 (2012).

Specifically, Appellant argues that trial counsel was ineffective in failing to object when the Commonwealth elicited testimony regarding Appellant's four prior juvenile arrests. Appellant argues that any probative value of the admission of this evidence was outweighed by its prejudicial effect.

The Commonwealth responds that this line of questioning was proper to rebut defense counsel's suggestion in opening statements that Appellant's confession to police was involuntary and unknowing as a result of his age and inexperience. At the time of his confession, Appellant was seventeen years old and agreed to waive his ***Miranda*** rights.

Our Supreme Court has held that "[i]t is the Commonwealth's burden to establish whether [a defendant] knowingly and voluntarily waived his ***Miranda*** rights. In order to do so, the Commonwealth must demonstrate that the proper warnings were given, and that the accused manifested an understanding of these warnings." ***Commonwealth v. Eichinger***, 591 Pa. 1, 24, 915 A.2d 1122, 1135–36 (2007) (citing ***Commonwealth v. Hughes***, 521 Pa. 423, 555 A.2d 1264, 1274 (1989)).

In **Hughes**, the Supreme Court held that a defendant's prior experience with **Miranda** warnings is relevant in determining whether the defendant's subsequent waiver of those rights was knowing and voluntary. **Hughes**, 521 Pa. at 444, 555 A.2d 1264, 1274-75 (concluding that the appellant's prior waiver of his **Miranda** rights in a previous rape investigation suggested that his subsequent waiver of these rights and confession to a murder was knowing and voluntary). **See also Commonwealth v. Davis**, 861 A.2d 310, 318-19 (Pa.Super. 2004) (considering minor appellant's previous contact with the police in determining whether his statements to police should have been suppressed as involuntary or unknowing).

However, as recognized by our Supreme Court in **Hall**, we need not specifically determine whether Appellant's claim has arguable merit, because Appellant has not demonstrated that he was prejudiced by trial counsel's failure to object to the admission of this evidence. As noted above, "where it is clear that a petitioner has failed to meet the prejudice prong, the claim may be dismissed on that basis alone without determination of whether the first two prongs of the ineffectiveness standard have been met." **Hall**, 582 Pa. at 538–39, 872 A.2d at 1184.

The prosecution presented overwhelming evidence of Appellant's guilt including Appellant's confession admitting his involvement in the robbery and shootings, the accounts of four eyewitnesses identifying Appellant as one of the perpetrators, and Appellant's admission of guilt to his brother. As a result, Appellant has not shown prejudice from counsel's inaction such that "there

was a reasonable probability of a different outcome if not for counsel's error."

***Johnson***, ***supra***. Thus, this ineffectiveness claim fails.

In his second claim of error, Appellant suggests that he is entitled to a new trial based on after-discovered evidence. To successfully obtain relief on an after-discovered evidence claim, a petitioner must show that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Small***, ___Pa.___, 189 A.3d 961, 969 (Pa. 2018) (quoting ***Commonwealth v. Pagan***, 597 Pa. 69, 950 A.2d 270, 292 (2008)) (other citation omitted). "In determining whether the evidence would compel a different verdict, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1060 (Pa.Super. 2019) (citation omitted).

Specifically, Appellant contends that there is an unconstitutional pattern and practice within the Philadelphia Police Department's Homicide Unit of threatening, coercing, and falsifying statements of defendants and witnesses. Appellant claims that he is entitled to a new trial to offer this evidence of the pattern and practice of misconduct as a "habit" under Pa.R.E. 406. In support of this claim, Appellant attempts to offer as after-discovered evidence several

cases in which other appellants had accused Philadelphia detectives of similar claims of misconduct.[4]

However, even assuming *arguendo* that such cases can be construed to show acts of police misconduct, Appellant has not shown any nexus between those cases and the instant case. As these cases have little connection to the evaluation of the voluntariness of Appellant's confession, Appellant has not established how these unrelated allegations of misconduct would support his claim that he personally was coerced into making a confession by detectives using illegal interrogation tactics. *See Commonwealth v. Griffin*, 137 A.3d 605, 609-10 (Pa.Super. 2016) (finding that "allegations about an unrelated person in an unrelated case" did not constitute after-discovered evidence); *Commonwealth v. Foreman*, 55 A.3d 532, 537-38 (Pa.Super. 2012)

---

[4] Appellant mainly claims that the decision in *Commonwealth v. Thorpe*, CP-51-CR-0011433-2008 (Pa.Ct.Com.P., November 3, 2017) constitutes after-discovered evidence of a pattern and practice of misconduct in the Philadelphia Homicide Unit. We note that the record does not contain a copy of the *Thorpe* decision. However, Appellant admits that the officers accused of misconduct in the *Thorpe* case were not involved in the instant case.

Likewise, the majority of cases that Appellant attempts to offer as after-discovered evidence analyze allegations of misconduct against officers who were not involved in Appellant's case. The only case Appellant cites that involves a detective assigned to Appellant's case is *Commonwealth v. Jones*, 3317 EDA 2012 (Pa.Super. Aug. 15, 2014) (unpublished memorandum). In *Jones*, this Court reviewed a defendant's allegations that her actual statement to police conflicted with Detective Bamberski's account of her confession. *Commonwealth v. Jones*, 3317 EDA 2012 (Pa.Super. Aug. 15, 2014) (unpublished memorandum). However, in that case, the jury convicted Jones of the charged offenses despite her claims of police misconduct and this Court did not analyze the merits of Jones's assertions of misconduct, but reversed and remanded on different grounds.

(finding that the appellant failed to show a nexus between the detective's conduct in his case and allegations of the detective's misconduct in an incident that occurred two years after the appellant's conviction).

Moreover, we agree with the PCRA court's finding that Appellant could not use the alleged "after-discovered evidence" to demonstrate that his own confession was involuntary or unknowing. Appellant claimed for the first time in his PCRA petition that he was subjected to coercive interrogation techniques. Specifically, Appellant asserted that he was held at the Homicide Unit for 2½ to 3 days, only allowed to go to the bathroom once or twice, and was deprived of food, except for when the detectives allegedly offered Appellant a pork roll, knowing that Appellant was a Muslim. Appellant also asserted that the detectives pointed a taser at him while he was being interrogated.

However, Appellant's allegation that his confession was coerced is in direct conflict with the evidence of record presented to the trial court. Before trial, Appellant never filed a suppression motion to challenge the admission of his confession on the grounds that it was involuntary or unknowing.[5] At trial, before the prosecution read Appellant's confession to the jury, Detective Bamberski testified that Appellant's statement was taken twenty-five minutes after Appellant arrived at the Homicide Unit. As Appellant was five months shy of his eighteenth birthday at that point, several documented attempts

---

[5] Appellant has not alleged that trial counsel was ineffective in failing to investigate claims relating to the suppression of his confession to police.

were made to contact Appellant's mother and his aunt. However, the officers were unable to reach either of the women. Thereafter, Appellant agreed to waive his **Miranda** rights in order to give the detectives his statement. Appellant did not challenge Detective Bamberski's account of the events surrounding Appellant's confession at the trial court level.

Furthermore, we reject Appellant's argument that he is entitled to a new trial based on his contention that detectives may have coerced the statements of Deshaun Williams and Keith Pena. Such allegations do not constitute after-discovered evidence as both witnesses actually testified at Appellant's trial and were subject to cross-examination by Appellant's counsel.

As such, Appellant failed to show that he could not have obtained the testimony of these witnesses prior to the conclusion of the trial by the exercise of reasonable diligence. Our Supreme Court has provided that:

> [t]o obtain a new trial based on after-discovered evidence, the petitioner must explain why he could not have produced the evidence in question at or before trial by the exercise of reasonable diligence. **Commonwealth v. Jones**, 266 Pa.Super. 37, 402 A.2d 1065, 1066 (1979). A defendant may unearth information that the party with the burden of proof is not required to uncover, so long as such diligence in investigation does not exceed what is reasonably expected. **Commonwealth v. Brosnick**, 530 Pa. 158, 166, 607 A.2d 725, 729 (1992). **See also Argyrou v. State**, 349 Md. 587, 709 A.2d 1194, 1202–03 (1998) (holding due diligence requires that defendant act "reasonably and in good faith to obtain the evidence, in light of the totality of the circumstances and facts known to [him]"). Thus, a defendant has a duty to bring forth any relevant evidence in his behalf. **Commonwealth v. Johnson**, 228 Pa.Super. 364, 323 A.2d 295, 296 (1974). A defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence. **Commonwealth v. Crawford**, 285 Pa.Super. 169, 427

- 10 -

A.2d 166, 175 (1981). **Likewise, a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence**. *Commonwealth v. Chambers,* 528 Pa. 558, 583, 599 A.2d 630, 642 (1991), *cert. denied,* 504 U.S. 946, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992).

*Commonwealth v. Padillas*, 997 A.2d 356, 363–64 (Pa.Super. 2010) (emphasis added).

Appellant points out that although Williams gave a statement to the police identifying Appellant as one of the individuals responsible for the robbery and shootings in this case, Williams subsequently recanted this statement while testifying at Appellant's trial. However, although Williams testified that the he merely signed a statement with allegations created by the officers so that he could leave the station, Detective John Verrecchio testified that he took Williams's statement verbatim and required Williams to review and sign each page of the statement to ensure its accuracy. Despite hearing Williams recant his statement, the jury found Appellant guilty of the charged offenses. As such, Appellant cannot claim that this testimony is after-discovered evidence as it was available to Appellant and presented at trial.

In the same manner, the testimony of Keith Pena does not entitle Appellant relief on his claim of after-discovered evidence. While Pena gave a statement to police identifying Appellant as a perpetrator in the instant crimes and testified consistently with this statement at Appellant's trial, Appellant points to the fact that, prior to Pena's testimony, the prosecutor told the trial court that Pena had suggested that he would recant his statement because

his "identifications were a lie and that the detectives pressured him to do it." Notes of Testimony, 12/7/12, at 13. The trial court restricted the parties' inquiry into Pena's discussion with the prosecutor, finding that Pena had threatened to change his testimony as he expressly blamed the District Attorney's Office for a perceived slight in his own unrelated criminal proceedings.

However, the trial court indicated that the defense could inquire into whether the detectives directed Pena to identify a particular person as one of the perpetrators. Although Pena did testify at trial that Appellant was one of the perpetrators, Appellant had the opportunity to question Pena on the voluntariness of his statement and identification. As such, Pena's testimony was not after-discovered evidence as it was available to Appellant and presented at trial.

Accordingly, we conclude that the PCRA court correctly determined that Appellant was not entitled to relief on this claim.

For the foregoing reasons, we affirm the PCRA court's order dismissing this petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/19